# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1848V
(not to be published)

| | |
|---|---|
| MARK THOMA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 31, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 6, 2019, Mark Thoma filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered brachial neuritis as a result of an influenza vaccine received on January 17, 2017. (Petition at 1, 3, 5). On July 14, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No.43).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed a motion for attorney's fees and costs, dated July 17, 2022 (ECF No. 46), requesting a total award of $27,781.79 (representing $27,117.50 in fees and $664.29 in costs)[3]. Respondent reacted to the motion on July 18, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 47).

On July 26, 2022, Petitioner filed a motion to strike his fees motions, representing that he had "inadvertently omitted the supporting cost documentation in his final invoice for Van Cott & Talamante's attorneys' fees and costs." (ECF No. 48). He thereafter refiled the motion, requesting the same amounts as before. (ECF No. 49). In accordance with General Order No. 9, counsel for Petitioner also represented that Petitioner incurred no out-of-pocket expenses. (Id. at 7). Respondent did not file a response to the reinitiated motion.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

---

[3] Petitioner's motion for attorney's fees and costs requests that a total of $30,315.64 in fees and costs be awarded. (ECF No. 49 at 7). However, the detailed billing records reflect a total of $27,781.79.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Andrew D. Downing at the rates of $385 per hour for time billed in 2018-21 and the rate of $415 for 2022. (ECF No. 43 at 1). Additionally, Petitioner request the following rates for Courtney Jorgenson:[4] $205 per hour for 2019, $275 per hour for 2020-21, and $345 per hour for 2022. (Id). Mr. Downing and Ms. Jorgenson have previously been awarded these rates for the 2018-21 period. Regarding the requested rates for 2022, however, although Mr. Downing was previously awarded the rate of $415 per hour, Ms. Jorgenson's time was compensated at the lesser rate of $325 per hour. *See Einweck v. Sec'y of Health & Human Servs.*, No. 20-559, 2022 WL 3011016 (Fed. Clms. Spec. Mstr. June 24, 2022).

I agree with the reasoning from these prior cases and award them herein. But because it does not appear that either attorney billed any time to the matter in 2022, my rate adjustment determination for Ms. Jorgenson does not result in any attorney time adjustment to the total award.

## ATTORNEY COSTS

Petitioner requests $664.29 in overall costs. (ECF No. 49-1 at 26). This amount is comprised of obtaining medical records, postage and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$27,781.79** (representing $27,117.50 in fees and $664.29 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

---

[4] This is the married name for attorney Van Cott.
[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
